UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RUBIN RURIE WEEKS,            )
                              )
        Plaintiff,            )
                              )
v.                            )    No. 1:17-CV-22 NAB
                              )
KIMBERLY BIRCH, et al.,       )
                              )
        Defendants.           )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $54.91, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). The Court will simultaneously issue an order appointing counsel in this action and allowing counsel time to submit an amended complaint in this action.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, Rubin Weeks, is an inmate at Southeast Correctional Center ("SECC"). He brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his civil rights against several doctors and nurses employed by Corizon, Inc. Defendants are named in their official and individual capacities.

Plaintiff asserts that he suffers from juvenile diabetes and crippling back problems. He claims that he received an MRI of his back in 2008 from an orthopedic specialist, and he alleges that the results of the MRI showed severe spinal stenosis in his lumbar spine. Plaintiff claims that he has been suffering extreme pain for the past ten years in his spine but defendants have subjected deliberate indifference to his serious health needs, in violation of the Eighth Amendment, by refusing to provide him with proper medical treatment for his back and spinal cord. Plaintiff asserts that his injuries to his back and spine have also migrated into neurological injuries to his shoulder, hand and leg because defendants have waited to treat his spinal injuries. In addition, plaintiff claims he has been denied handicap accommodations while he has been made to wait for proper medical treatment for his physical conditions.

Plaintiff additionally claims he has suffered harm to his heart valve and diabetic condition due to defendants' failure to treat his diabetic needs.

The Court finds that plaintiff's complaint alleges enough facts to survive § 1915 review at this time. In addition, plaintiff would benefit from appointment of counsel at this juncture in

the case. As such, the Court will issue process on plaintiff's complaint and by separate Order the Court will simultaneously appoint counsel to assist plaintiff in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $54.91 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Court will issue an order appointing counsel simultaneously with this Memorandum and Order.

Dated this 27th day of April, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).