UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RUBIN RURIE WEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17CV00022 AGF |
| | ) | |
| KIMBERLY BIRCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter, brought under 42 U.SC. § 1983, is before the Court on the motion of Defendants Jay Cassady, Alan Earls, Walter Friesen, Jason Lewis, and Ann Precythe to dismiss Plaintiff Rubin Rurie Weeks's amended complaint as to them for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion will be granted.

# BACKGROUND

Plaintiff, a Missouri state prisoner, claims that he has been denied adequate medical care for a spinal injury over the course of several years while incarcerated, and that correctional officers used excessive force against him when transferring from the hospital back to prison after back surgery, all in violation of his constitutional rights. Plaintiff named as Defendants Corizon Health, Inc., the contracted medical provider for inmates at the prison; numerous Corizon employees, including John and Jane Does; numerous prison employees, including Jane and John Does, who were allegedly directly

involved in the challenged conduct; and five supervisory prison employees of the Missouri Department of Corrections ("MDOC").

The motion under consideration was brought by the five supervisory MDC Defendants. They are being sued in their individual capacities for money damages, and in their official capacities "with regard to [P]laintiff's requests for injunctive and declaratory relief." ECF No. 26 at 4. The amended complaint asserts that Movants failed to train and supervise the other prison Defendants with respect to providing adequate medical treatment to inmates, and with respect to not using improper force in transporting inmates from the hospital. But Movants are only named as Defendants in Count II ("Use of Excessive Force During Transportation From Hospital") and Count IV ("Negligence [in supervision of medical care provided to Plaintiff]"). They are not named as Defendants in the other two counts – Count I ("Refusal to Provide Treatment for Spinal Injuries") and Count III ("Refusal To Provide Timely Follow Up Treatment After Surgery").

Movants first argue that the complaint should be dismissed as to them in their official capacities because Plaintiff has not stated what injunctive and/or declaratory relief he requests. Movants also argue that Plaintiff's allegations are not sufficient to establish supervisory liability with respect to Count II as he has not alleged that Movants knew about or condoned the use of force during the transport of Plaintiff from the hospital to the prison, and Count IV must be dismissed against them because negligence does not state a constitutional claim. Lastly, Movants argue that Plaintiff's claims against them should be dismissed based on qualified immunity because "Plaintiff has failed to

allege that these Defendants subjected him to any cruel and unusual punishment and has, therefore, failed to establish a violation of a constitutional or statutory right." ECF No. 65 at 4-5.

In response, Plaintiff acknowledges that his claims against Movants in their official capacities must be limited to requests for prospective injunctive or declaratory relief, but he argues that it is clear what declaratory and injunctive relief is at issue from the totality of the complaint. He further argues that that he has pled facts that plausibly show direct involvement by Movants "in either the formation, implementation, or enforcement of a policy or failure to train or supervise" with respect to the provision of adequate medical care to prisoners and the proper transportation of prisoners. ECF No. 62 at 8. Plaintiff also contends that the doctrine of qualified immunity is inapplicable, at this point in the proceedings, as the deliberate indifference to a prisoner's serious medical needs and use of excessive force by prison guards involve clearly established constitutional rights. Plaintiff asks for leave to amend the complaint if the Court finds it insufficient to defeat Movants' motion to dismiss.

## **DISCUSSION**

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the

court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

To state a claim under § 1983, a Plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A prisoner's right to be free from excessive force by correctional officers and to be free from the deliberate indifference to his serious medical needs are clearly established constitutional rights. *See, e.g., Ramsey v. St. Charles Cty.*, No. 4:15-CV-00776 JAR, 2017 WL 2843574, at *2, 5 (E.D. Mo. June 30, 2017).

**Plaintiff's Claims Against Movants in Count II**

The Court agrees with Movants that Count II of the amended complaint is subject to dismissal as to them.

> Individual liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. . . . For a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise . . . the supervisor must have demonstrated deliberate indifference or tacit authorization of the offensive acts.

*Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (citations omitted). "Proof of actual knowledge of constitutional violations is not, however, an absolute prerequisite for imposing supervisory liability. . . . [However, a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th

4

Cir. 1989). Here, only one incident of improper transportation is alleged—Plaintiff's own experience. Thus, Movants are entitled to dismissal of this claim. *See Wlliams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (affirming dismissal of a claim against prison supervisors in their individual capacities where only one incident of subordinates' unconstitutional action was alleged).

Plaintiff's claims in Count II against Movants in their official capacities are actually claims against the entity for which they are agents, *see, e.g., Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006), here the MDOC. The MDOC, like a municipality, cannot be held liable under respondeat superior or vicarious liability theories. *See, e.g., Taylor v. St. Charles Cty. Dep't of Corr.*, No. 4:17-CV-2180-SPM, 2017 WL 3593656, at *2 (E.D. Mo. Aug. 21, 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). Instead, the MDOC is only liable under § 1983 when there is an "official" policy or a "custom or usage with the force of law." *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Here, Plaintiff has not plausibly pled that the MDC has a policy or custom of not supervising or training prison employees in proper handling of prisoners being transported from a hospital back to prison after surgery. As noted above, only one such incident is alleged, and it is not the sort of single act by a decisionmaker that would create a policy or custom. Thus, the conclusory statement in the amended complaint that there was such a pattern or policy is not sufficient to state a claim against Movants in Count II. S*ee, e.g., Ayers v. Jackson Cty., Mo.*, No. 4:17-CV-00187-DGK, 2017 WL 6045511, at *3 (W.D. Mo. Dec. 6, 2017) (concluding that the plaintiff did not state a municipal-

liability claim for failure to train or supervise correctional officers who allegedly violated his rights, where the complaint asserted such a county policy or custom in a conclusory fashion and did not allege a continuing, widespread pattern of misconduct by the correctional officers).

**Plaintiff's Claims Against Movants in Count IV**

Negligence on the part of Movants will not suffice to state a claim for deprivation of a constitutional right under § 1983. *See Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994) ("Mere negligence in failing to detect and prevent a subordinate's conduct is not enough for liability under Section 1983."). To the extent Plaintiff is asserting a state common law claim for negligence in Count II, the Court will reserve ruling on whether to exercise supplemental jurisdiction over such a claim.

**Leave to Amend**

As noted above, Counts II and IV are the only counts in which Movants are named as Defendants. Plaintiff has requested, in the alternative, that he be given leave to amend. In light of the overall allegations in the complaint, the Court cannot say at this stage of the proceedings that an amendment to assert a claim against Movants would be futile, and so the Court will grant Plaintiff's request for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) (providing that a court should freely give leave to amend pleadings when justice so requires).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants Jay Cassady, Alan

Earls, Walter Friesen, Jason Lewis, Ann Precythe to dismiss Plaintiff's amended complaint as to them is **GRANTED** as to Count II and as to a federal claim in Count IV. (ECF No. 49.)

**IT IS FURTHER ORDERED** that Plaintiff shall have seven days from the date of this Memorandum and Order to file an amended complaint clearly setting forth his claims against Movants.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2018.