UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUBIN RURIE WEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17CV00022 AGF |
| | ) |
| KIMBERLY BIRCH, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter, brought under 42 U.SC. § 1983, is before the Court on the motion of one Defendant – Jason Lewis – to dismiss Plaintiff Rubin Weeks's second amended complaint as to him for failure to state a claim upon which relief may be granted. Plaintiff is represented by appointed counsel. For the reasons set forth below, the motion will be granted.

# BACKGROUND

Plaintiff, a Missouri state prisoner, claims that he has been denied adequate medical care for a spinal injury from 2013 to 2017 while he was incarcerated at the South Central Correctional Center ("SSCC"), and that corrections officers from the Jefferson County Correctional Center ("JCCC") used excessive force against him when transferring him from the hospital to the infirmary at JCCC after back surgery in February 2017, all in violation of his constitutional rights. Defendants are Corizon Health, Inc., the contracted medical provider for Missouri inmates; numerous Corizon employees; numerous prison

employees who were allegedly directly involved in the challenged conduct; and five supervisory Defendants, including the Director of the Missouri Department of Corrections ("MDOC"), and Lewis, who at all relevant times was the warden at another MDOC facility – the Southeast Correctional Center ("SECC"). The supervisory Defendants are being sued in their individual capacity for money damages, and in their official capacity for injunctive and declaratory relief.

The second amended complaint asserts that the supervisory Defendants failed to train and supervise the other prison Defendants with respect to providing adequate medical treatment to inmates, and with respect to the proper transportation of inmates from the hospital after surgery. Although in identifying all of the Defendants, the second amended complaint states that Lewis is "among those responsible for denying plaintiff medically necessary care," ECF No. 98 at 5, Lewis is only named as a Defendant in Count II, "Use of Excessive Force During Transportation From Hospital." The theory of Lewis's liability, as set forth in the second amended complaint is that he and the other supervisory Defendants,

> through their control and supervision of the Department of Corrections or control and supervision of their own specific correctional centers have established an official policy or custom or usage with the force of law throughout the Department of Corrections and at their respective institutions to: (1) not train correctional officers in the proper transportation and care of prisoners who are being transported after surgery; (2) not use vans specifically equipped for the transportation of post-surgery prisoners; (3) require post-surgery prisoners to be restrained during transportation; and (4) tacitly allow correctional officers to use excessive force when transporting post-surgery prisoners. Due to these policy directives, [the five supervisory Defendants] knew or should have known of the objective, substantial risk of serious harm or death to plaintiff when he was transported from surgery by untrained officers who would restrain him in a

>   van unequipped for his condition and use excessive force in placing him in
>   and removing him from the van.

*Id.* at 18.

In support of his motion to dismiss the second amended complaint as to him, Lewis argues that, as it is undisputed that as warden of SECC, he had no control of or supervision over the transportation of Plaintiff from the hospital to JCCC, he cannot be held responsible the events underlying Count II. Plaintiff responds that a proper reading of the second amended complaint "indicates that plaintiff has alleged that defendant Lewis, as a policy maker and warden of a correctional center, has been instrumental in establishing an official policy or custom or usage throughout the [MDOC]." ECF No. 108 at 3. In reply, Lewis argues that acceptance of Plaintiff's argument would enable Plaintiff to name as a defendant in Count II every warden of every facility of the MDOC, which is clearly not permitted by law.

## **DISCUSSION**

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The Court agrees with Lewis that he is entitled to dismissal of Count II of the second amended complaint as to him. A prisoner has the constitutional right to be free from excessive force by correctional officers, *e.g., Ramsey v. St. Charles Cty.*, No. 4:15-CV-00776 JAR, 2017 WL 2843574, at *2, 5 (E.D. Mo. June 30, 2017), but "[f]or a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise . . . the supervisor must have demonstrated deliberate indifference or tacit authorization of the offensive acts." *Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (citations omitted). "Proof of actual knowledge of constitutional violations is not . . . an absolute prerequisite for imposing supervisory liability. . . . [However, a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

Here, not only is the conclusory statement in the second amended complaint that that the MDOC has a policy or custom of not supervising or training prison employees in proper handling of prisoners being transported from a hospital back to prison after surgery insufficient to state a claim against Lewis, but the allegation of Lewis's connection to such a policy is clearly lacking.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jason Lewis's motion to dismiss the second amended complaint as to him is **GRANTED** and he is dismissed as a Defendant.

(ECF. No. 102.)

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2018.