UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUBIN RURIE WEEKS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-CV-00022 AGF |
| KIMBERLY BIRCH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Corizon Defendants' motion to dismiss Count IV of Plaintiff's second amended complaint. ECF No. 147. For the reasons set forth below, the motion will be granted.

Plaintiff, an inmate in the custody of the Missouri Department of Corrections, filed this action under 42 U.S.C. § 1983 alleging that he was denied adequate medical care and subjected to excessive force during hospital transport in connection with reconstructive spinal surgery in February 2017. In Count IV of his second amended complaint, filed April 11, 2018, Plaintiff invokes the Court's supplemental jurisdiction and asserts a state law claim of negligence for various alleged acts and omissions by Corizon and numerous health care providers (the "Corizon Defendants"). On April 5, 2019, the Corizon Defendants filed the present motion to dismiss on the basis that Plaintiff failed to file, within 90 days of his complaint, a healthcare affidavit certifying the merit of his claim, as required by Missouri Revised Statute §538.225.

The statute states in pertinent part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

In support of their motion to dismiss, the Corizon Defendants cite *Smith et al. v. Planned Parenthood*, 225 F.R.D. 233 (E.D. Mo. 2004), holding that the statute applies to state law tort claims brought in federal court and relating to the provision of health care services.

In response, Plaintiff contends that Count IV can be construed to raise claims of ordinary negligence (as opposed to medical negligence), so §538.225 does not apply. *Newland v. Azan*, 957 S.W.2d 377 (Mo. App. W.D. 1997) (sexual assault by dentist not related to professional service). The Court does not find Plaintiff's position or precedent persuasive in the present case. Rather, the Court finds guidance in *Wann v. St. Francois County, Missouri*, 4:15 CV 895 CDP, 2016 WL 3348408, at *2 (E.D. Mo. June 16, 2016), *aff'd sub nom. Wann v. St. Francois County, Missouri*, 698 Fed. Appx. 857 (8th Cir. 2017). There, the Court explained that the central question is whether the

relationship between the parties is one of health care provider and patient and whether the "true claim" relates solely to the provision of health care services, regardless of how it is characterized. *Id*. Through that lens, the Court concluded that an affidavit was required with respect to the health care provider defendants but not with respect to a social worker. *Id*. at *3-4. *See also*, *Winn v. Cardinal Glennon Hosp.*, 4:19-CV-1404-SPM, 2019 WL 4194440, at *4 (E.D. Mo. Sept. 4, 2019) (granting pro se plaintiff additional time within statutory maximum). Here, as in *Wann*, it is clear from the face of Plaintiff's complaint that Plaintiff's relationship to the Corizon Defendants is one of health care provider and patient, and his true claim relates solely to their provision of health care services.

Plaintiff further asserts that he is not required to satisfy the statute because his negligence claim is intertwined with his §1983 claim. *White v. Gammon*, 2:04 CV 23 JCH, 2005 WL 3079043, at *3 (E.D. Mo. Nov. 16, 2005) (pro se plaintiff not required to file health care affidavit where claim appeared to invoke §1983, not common law tort). But, unlike *White*, Plaintiff's claim expressly invokes the Court's supplemental jurisdiction over a state law negligence claim.

Here, the state statute applies, and the maximum time to file the affidavit has passed. As such, the Court must dismiss without prejudice Count IV of Plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Corizon Defendants' motion is **GRANTED**. ECF No. 147. Count IV of Plaintiff's second amended complaint is **DISMISSED** without prejudice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2020.