UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUBIN RURIE WEEKS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-CV-00022 AGF |
| KIMBERLY BIRCH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to supplement his second amended complaint pursuant to Rule 15(d). ECF No. 168. For the reasons set forth below, the motion will be granted in part and denied in part.

### BACKGROUND

Plaintiff is an inmate in the custody of the Missouri Department of Corrections ("DOC"). Defendants are Corizon Health, Inc. and several of its medical professionals (collectively "Corizon") and a number of DOC corrections officers and officials in their official and personal capacities (collectively "DOC"). Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Defendants denied him adequate medical care for many years, that certain DOC Defendants subjected him to excessive force while transporting him from the hospital after reconstructive spinal surgery in February 2017, and that Defendants' continued to deny adequate care and accommodation after his surgery, all resulting in violations of Plaintiff's Eighth Amendment right against cruel and unusual punishment. More specifically, Count I asserts that certain Corizon Defendants refused

to provide treatment for Plaintiff's spinal condition until 2017 despite the diagnoses and recommendations of examining physicians since at least 2008. Count II asserts that certain DOC officers used excessive force when they removed Plaintiff from the hospital the day after spinal surgery over his doctor's objection, placed him in hand and leg restraints, and pushed and pulled him in and out of a prison van, causing further injury, pain, and suffering. Count III asserts that Corizon Defendants failed to provide adequate post-operative treatment when they left him in a holding cell for 24 hours without prescribed medications or medical care and later denied him physical therapy and use of a brace and cane as recommended by his physician. Plaintiff further pleads that Defendants' conduct exacerbated an existing and severe kidney condition.[1]

The Court appointed counsel for Plaintiff in May 2017. He filed a first amended complaint in September 2017 and a second amended complaint, upon leave of the Court, in April 2018. After further discovery, on July 3, 2019, Plaintiff filed this motion seeking to supplement his complaint in order to incorporate facts that came to light during that discovery. In particular, Plaintiff seeks to add: (1) an additional Corizon Defendant, Nurse Trisha Brewer, who was on duty after Plaintiff's surgery; (2) new medical diagnoses regarding the extent of Plaintiff's injuries, revealed in recent medical examinations; (3) new allegations regarding Defendants' ongoing failure to provide adequate care; (4) Corizon's denials of Plaintiff's grievance appeals and request for

---

[1] Plaintiff also asserted as Count IV a state law negligence claim against the Corizon Defendants. That claim is dismissed in a separate order concurrent herewith for failure to comply with Missouri Revised Statute §537.225 requiring a health care affidavit by a medical professional certifying the merit of the claim.

informal resolution; (5) the fact that video footage exists depicting DOC officers loading Plaintiff into a van from the hospital after surgery; and (6) a new Count V asserting that Defendants permanently denied Plaintiff the use of his cane after his surgery.

## DISCUSSION

**Standards Under Rule 15(a)-(d) and Rule 16(b)**

Though Plaintiff characterizes his motion as one to supplement under Rule 15(d), some aspects are more appropriately examined as amendments under Rules 15(a) and 16(b). When a party erroneously labels a motion as one to supplement rather than amend, the Court may construe it as if it were properly titled. *See United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977).

Supplemental pleadings are governed by Rule 15(d), which provides that the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause." *Schreier v. Drealan Kvilhaug Hoefker & Co. P.A.*, 018-CV-02310-DSDKMM, 2019 WL 1923111, at *1 (D. Minn. Apr. 30, 2019) (citing *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977)). Although the purpose of Rule 15(d) is to promote the complete adjudication of an existing dispute that may have evolved since the action was initiated, the Court "is to determine, in light of the particular circumstances, whether a filing should be

permitted, and if so, upon what circumstances." *Id*. at advisory committee's note to 1963 amendment.

By contrast, amended pleadings are governed by Rule 15(a), which provides that a party may only amend its pleading with the opposing party's written consent or with leave of the Court. Fed R. Civ. P. 15(a)(2). An amended pleading under Rule 15(a) is "designed to include matters occurring before the filing of the [complaint] but either overlooked or not known at the time." *Schreier* at *1. The Court should freely grant leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "Principles allowing the liberal amendment of pleadings also apply to supplemental pleadings." *Riggs v. City of Owensville*, 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011) (citing *Moore's Federal Practice* § 15.30 (3d ed. 2010)). Factors to consider include whether: (1) the motion was filed in bad faith or with dilatory motive, (2) the motion was filed with undue delay, (3) leave to supplement or amend would be unduly prejudicial to the opposing party, and (4) the proposed supplement or amendment would be futile. *Riggs*, 2011 WL 1576723, at *2 (citing *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998)).

While Rule 15 invites the Court's leniency to grant leave when justice so requires, amendments sought after the deadline set forth in the case management order invoke Rule 16(b) and require the moving party to demonstrate good cause. *Memhardt v. Nationstar Mortgage, LLC*, 4:17-CV-01411-AGF, 2018 WL 3496484, at *2 (E.D. Mo. July 19, 2018) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th

Cir. 2008)). After the deadline has passed, the good cause standard is "not optional." *Sherman*, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). A court "may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. A court is less likely to find good cause to amend when the moving party knew of the issue at the time of the original complaint and provides no good reason why it was omitted. *Barstad v. Murray County,* 420 F.3d 880, 883 (8th Cir. 2005); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir. 2003). Although the court may consider prejudice to the non-moving party in a Rule 16(b) analysis, there is no need to consider prejudice where the moving party has clearly failed to be diligent in its efforts to meet the deadlines set by the CMO. *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001).

In sum, in evaluating portions of Plaintiff's motion properly characterized as supplemental, and absent any suggestion of bad faith or dilatory motive by Plaintiff, the Court may consider undue delay, prejudice, and futility. In evaluating portions of the motion more accurately construed as amendments, given that the deadline to amend has long passed, the Court examines good cause. After careful consideration and guided by these standards, the Court concludes as follows.

**Proposed Supplemental Pleadings - Rule 15(d)**

*Denial of MRI*

Plaintiff seeks to add to his complaint that Corizon Defendants denied him an MRI recommended by Dr. Tippen on June 12 and July 16, 2018. Corizon does not specifically address this issue in its response. The DOC Defendants argue that it does not relate to Plaintiff's claims against them and would be prejudicial.

The Court finds no prejudice in this supplement. The information does not posit a new theory of recovery. *Cf. Bell v. Allstate Life Insurance, Co.*, 160 F.3d 452,454 (8th Cir. 1998). It simply updates the complaint with an additional instance of conduct already alleged in Plaintiff's existing claims of inadequate care. However, the Court will not allow Plaintiff to supplement his complaint continually. Plaintiff has already stated his claim with sufficient specificity to fulfill the requirements of Rule 8(a)(2).

*Grievance Appeals*

Plaintiff also seeks leave to supplement his complaint with allegations that Corizon Defendants denied two grievance appeals and a request for informal resolution regarding his post-operative care. Defendants do not specifically respond to this issue.

Again, though Plaintiff need not supplement his complaint with every subsequent development pertaining to claims already asserted, the Court will allow this addition, which poses no prejudice to Defendants and simply confirms that Plaintiff exhausted his administrative remedies.

*Recent Medical Diagnoses*

Plaintiff seeks leave to supplement his complaint to add recent diagnoses by Drs. Wilson, Strong, and Stahly. On November 12, 2018, Dr. Wilson diagnosed Plaintiff with nerve damage in his hands, a neck injury, and muscle loss in his legs. On February 19, 2019, Dr. Strong determined that Plaintiff may need joint fusion or replacement surgery. On June 4, 2019, Dr. Stahly diagnosed Plaintiff with demyelinating polyneuropathy. Plaintiff alleges that these injuries stem from Defendants' conduct on and after February 15, 2017.

Defendants argue that these diagnoses are not new "occurrences;" they simply illuminate the extent of Plaintiff's injuries from events described in the original complaint. The Court agrees and does not find these recent diagnoses essential to Plaintiff's complaint for purposes of Rule 8 notice pleading. But while they need not be pleaded, they do create an issue requiring the Court's resolution with respect to discovery. Defendants argue that Plaintiff's new allegations in this respect are untimely and prejudicial, particularly insofar as they might necessitate additional expert disclosures and depositions. Should the Court allow Plaintiff to present them, DOC requests additional time for a medical examination and expert discovery. Plaintiff supports this solution.

The Court has granted numerous extensions of briefing and case management deadlines in this case. Expert discovery was to conclude in late June of 2019, with an overall discovery deadline of July 3, 2019 (ECF No. 149). Since then, however, the

overall deadline for completion of discovery has been extended to December 23, 2019, albeit with no specific schedule for experts (ECF No. 206). Until now, DOC has not found it necessary to retain an expert (ECF No. 178, p. 4), and Corizon disclosed its expert after the deadline (ECF No. 204, p. 5, 8). It is clear from the docket sheet that the parties have taken a flexible approach to deadlines thus far in this case, often requesting extensions jointly or by consent. According to the latest CMO, dispositive motions are due February 21, 2020, and the trial is set for July 20, 2020.

The decision to exclude late-filed discovery materials is within the Court's discretion. *Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008 (8th Cir.1998). Admission of late-filed discovery is more likely to be found harmless where (1) there is little surprise to the other party, (2) the other party has the ability to cure any prejudice, (3) there is little likelihood of disrupting the trial, and (4) the late-filing party did not act in bad faith. *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003). Again, there is no suggestion that Plaintiff acted in bad faith. His recent diagnoses should pose no surprise to Defendants, who have access to his medical records. The parties agree that further discovery is warranted and would cure any potential prejudice besides the discovery itself. There is little likelihood that the addition of this evidence will disrupt trial. Court will permit the parties the parties to conduct discovery related to these diagnoses and will order the parties to work together in good faith to complete expert depositions by February 10, 2020, in order to maintain existing dates for dispositive motions and trial.

**Proposed Amendments**

*Nurse Brewer*

Plaintiff seeks to add Nurse Trisha Brewer as an additional Corizon Defendant because she, like others already named, received post-surgery medical orders for Plaintiff's care but failed to follow them. Plaintiff does not allege any new actions by the Corizon Defendants generally; he simply asserts that Brewer was another nurse on duty at the time and participated in the actions or omissions pleaded in Plaintiff's complaint.

Corizon argues that Plaintiff's amendment is untimely because he should have known about Brewer's involvement from medical records available in 2017. Plaintiff counters that Defendants did not identify Brewer in their initial disclosures, although they did identify Nurses Rollins and Pettyman. ECF No. 201, Ex. 1 & 2. Plaintiff explains that he only learned of Brewer's involvement after reviewing "several thousand pages of medical records" from Corizon with its initial disclosures.

The Court has reviewed the exhibits and accepts Plaintiff's explanation as good cause to permit the amendment. The Court is aware, from various filings by Plaintiff, that his counsel has endeavored to prosecute this case diligently despite numerous challenges. Corizon will bear no prejudice by the addition of Nurse Brewer insofar as Plaintiff's allegations with respect to Brewer are the same as those implicating other nurses already named in Count III. Any discovery already conducted or to planned be

conducted on Count III will likely relate equally to Brewer.  The Court will grant Plaintiff's motion to amend in this regard.

*Count V*

Plaintiff requests leave to add a Count V to the complaint asserting that Defendants removed Plaintiff from a handicapped-accessible cell and confiscated his cane, which evidently has not been returned.  Corizon argues that that this new count is unnecessary because Plaintiff has already pleaded similar allegations.  In response, Plaintiff explains that Count V would clarify that these circumstances further damaged his ankle, according to Dr. Strong. The Court agrees with Defendants that Plaintiff's supplemental pleadings do not warrant a new count but only elaborate on the further details of Defendants' conduct and extent of Plaintiff's injuries, which Plaintiff has already sufficiently pleaded for purposes of Rule 8 and which Plaintiff will be permitted to develop at trial.  Plaintiff's motion to amend will be denied as to Count V.

*Video*

Finally, Plaintiff requests leave to plead that, on April 1, 2019, he obtained video footage from the hospital parking lot showing DOC Defendants' alleged misconduct in transporting him from the hospital after surgery.  Again here, Plaintiff merely offers additional evidence revealed in discovery relating to claims already asserted.  The complaint need not be supplemented for this purpose, so the motion will be denied in this respect.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Plaintiff's motion (ECF No. 168) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's motion to add Nurse Trisha Brewer as a Corizon Defendant is **GRANTED**.

2. Plaintiff's motion to add paragraphs 2, 5, and 7 (ECF No. 168-1) regarding Defendants' denial of an MRI and denial of Plaintiff's grievance appeals and a request for informal resolution is **GRANTED**.

3. Plaintiff's motion to add Count V is **DENIED**.

4. Plaintiff's motion to add paragraph 6 (ECF No. 168-1) regarding video evidence is **DENIED**.

5. Plaintiff's motion to add paragraphs 3, 4, and 8 (ECF No. 168-1) regarding recent medical diagnoses is **DENIED**. However, the parties shall be permitted to conduct additional expert discovery, to be concluded by February 10, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2020.